UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

**TYREE HARLEY**                                                                                   **PLAINTIFF**

**v.**                                                         **CIVIL ACTION NO. 3:25-CV-P240-JHM**

**MONICA RHODES et al.**                                                   **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

Plaintiff Tyree Harley, proceeding *pro se*, initiated this 42 U.S.C. § 1983 action. The complaint is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the following reasons, this action will be allowed to proceed in part and be dismissed in part. Additionally, Plaintiff will be allowed to file an amended complaint.

**I. STATEMENT OF CLAIMS**

Plaintiff is housed at the Louisville Metro Department of Corrections (LMDC). He indicates on the complaint form that he is both a pretrial detainee and has been convicted, but it appears from the complaint that he was held as a pretrial detainee while at LMDC. He sues in their individual and official capacities the following: Monica Rhodes, Director of Nursing at LMDC; Dr. Knihton; Jerry Collins, LMDC Director; David Heacock, LMDC Assistant Director; and S. Schoenbachler, "HSA."

Plaintiff, who is HIV positive, alleges that his Eighth and Fourteenth Amendment rights were violated by a "severe delay in receiving important medication that did in fact cause injury and could have resulted in death." He states that at intake on January 9, 2025, he informed medical staff at LMDC that he took Biktarvy once daily and Vitamin D weekly and that the medical staff confirmed his prescriptions that day. According to Plaintiff, when he went to pill call on

January 11 and for three weeks after that, there was no medication for him. Plaintiff alleges that after approximately one week without his medication he began to suffer from constant pain and numbness in his left arm. He was told that the Director of Nursing was ordering his medication. He states that he filled out several health service requests and was put on daily blood pressure checks.

Plaintiff alleges that on January 21, 2025, he began to have flu-like symptoms with chest pain and numbness in his arm. He did not receive his medication until February 1, 2025, but on February 4, they again did not have his medication. He states that a nurse informed him that "they were likely giving me someone else's meds." Plaintiff further states that on February 3 he was given an EKG but did not receive the results.

On February 7, 2025, Plaintiff was transferred to Hardin County as a state inmate where he received his medication regularly after the first day. On March 21, 2025, he was sent with his medication back to LMDC for a court appearance. However, he did not receive his medication until March 24, and on March 27 and 28 his medication was again missing. He states that when checking the kiosk about his missing medication he realized that his prior filed grievances related to his lack of medication had been responded to by Defendant Schoenbachler and that the response stated that Plaintiff's medication was ordered on January 28, *i.e.*, 19 days after he was booked into LMDC. Plaintiff alleges that LMDC has shown blatant disregard for his condition "and stopped the process of going undetectable" and that he "feared for [his] life due to the staff at LMDC."

As relief, Plaintiff requests compensatory and punitive damages.

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the Court

2

determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1) and (2). When determining whether a plaintiff has stated a claim upon which relief may be granted, the Court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

### A. Official-Capacity Claims

"Official-capacity suits . . . 'generally represent [ ] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). This means that Plaintiff's official-capacity claims against LMDC employees are actually against the Louisville Metro Government, Defendants' employer.

A municipality such as the Louisville Metro Government cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a policy or custom and the

alleged constitutional deprivation. *Id*. To state a claim against a municipality, a plaintiff must "identify the policy, connect the policy to the [entity] itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 363-64 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds by Frantz v. Vill. of Bradford*, 245 F.3d 869 (6th Cir. 2001)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability" of the entity under § 1983. *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

Additionally, the Court takes judicial notice that medical services at LMDC are provided under contract with Yes Care Corp. To the extent that any Defendant is employed by Yes Care Corp., the same analysis that applies to a § 1983 claim against a municipality applies to a § 1983 claim against a private corporation, such as Yes Care Corp. *See Street v. Corr. Corp. of Am.*, 102 F.3d 810, 818 (6th Cir. 1996) (citing *Monell*, 436 U.S. at 691) ("*Monell* involved a municipal corporation, but every circuit to consider the issue has extended the holding to private corporations as well."). Analogous to a municipality, the liability of a contracted private entity must be based on a policy or custom of the entity. *Street*, 102 F.3d at 818; *see also Starcher v. Corr. Med. Sys., Inc.*, 7 F. App'x 459, 465 (6th Cir. 2001) ("CMS's [Correctional Medical Systems, Inc.,] liability must also be premised on some policy that caused a deprivation of [plaintiff's] Eighth Amendment rights.").

Here, Plaintiff's allegations pertain only to himself, and he does not allege that any constitutional violation occurred pursuant to a policy or custom of the Louisville Metro Government or Yes Care Corp. Accordingly, Plaintiff's official-capacity claims against Defendants must be dismissed for failure to state a claim upon which relief may be granted.

### *B. Individual-Capacity Claims*

Plaintiff fails to allege what each Defendant allegedly did, with the exception of noting that he was told that the Director of Nursing (Defendant Rhodes) was ordering his medication and that Defendant Schoenbachler had responded to his grievances.

### *1. Defendant Rhodes*

The Due Process Clause of the Fourteenth Amendment "forbids holding pretrial detainees in conditions that 'amount to punishment.'" *Kingsley v. Hendrickson*, 576 U.S. 389, 405 (2015) (quoting *Bell v. Wolfish*, 441 U.S. 520, 535 (1979)). "Pretrial detainees have a right to adequate medical care under the Fourteenth Amendment. An officer violates that right if that officer shows deliberate indifference to [a pretrial detainee's] serious medical needs[.]" *Hyman v. Lewis*, 27 F.4th 1233, 1237 (6th Cir. 2022) (internal citations and quotation marks omitted); *Gist v. Trinity Servs. Grp.*, No. 3:22-CV-P270-CHB, 2023 WL 2531735, at *4 (W.D. Ky. Mar. 15, 2023). The Fourteenth Amendment deliberate indifference standard has both an objective and a subjective component. *Helphenstine v. Lewis Cnty., Ky.*, 60 F.4th 305, 316-317 (6th Cir. 2023). To make out such a claim, a pretrial detainee must demonstrate "(1) an objectively serious medical need; and (2) that the defendants, analyzed individually, acted (or failed to act) intentionally and either ignored the serious medical need or 'recklessly failed to act reasonably to mitigate the risk the serious medical need posed.'" *Grote v. Kenton Cnty.*, 85 F.4th 397, 405 (6th Cir. 2023) (quoting *Greene v. Crawford Cnty.*, 22 F.4th 593, 607 (6th Cir. 2022)); *see also Brawner v. Scott Cnty.*, 14 F.4th 585, 597 (6th Cir. 2021); *Helphenstine*, 60 F.4th at 317.

Reading the complaint liberally, Plaintiff alleges that Defendant Rhodes, the Director of Nursing, did not order Plaintiff's prescription for a period of weeks despite Plaintiff having informed medical staff at intake that he required his medicine to treat his HIV positive status, a

Case 3:25-cv-00240-JHM   Document 5   Filed 05/22/25   Page 6 of 8 PageID #: 30

serious medical need. The Court will allow Plaintiff's Fourteenth Amendment claim to continue against Defendant Rhodes in her individual capacity.

### 2. Defendant Schoenbachler

Plaintiff only discusses Defendant Schoenbachler in the context of responding to the grievances he filed.

Prisoners do not possess a constitutional right to a prison grievance procedure. *See Walker v. Mich. Dep't of Corr.*, 128 F. App'x 441, 445 (6th Cir. 2005) (per curiam) ("All circuits to consider this issue have . . . found that there is no constitutionally protected due process right to unfettered access to prison grievance procedures."); *Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. 2003) ("there is no inherent constitutional right to an effective prison grievance procedure") (citing cases). For this reason, the denial of a grievance or the failure to act based upon information contained in a grievance fails to state a claim under § 1983. *Gibbs v. Laughhunn*, No. 16-1771, 2017 WL 3140577 (6th Cir. Feb. 2, 2017); *see also LaFlame v. Montgomery Cnty. Sheriff's Dep't*, 3 F. App'x 346, 348 (6th Cir. 2001) (holding plaintiff's allegation that jail staff ignored the grievances he filed did not state a § 1983 claim "because there is no inherent constitutional right to an effective prison grievance procedure"). Additionally, a plaintiff's claim is against the subjects of his grievances, not those who merely decided whether to grant or deny the grievances. *See Skinner v. Govorchin*, 463 F.3d 518, 525 (6th Cir. 2006) ("Skinner's complaint regarding Wolfenbarger's denial of Skinner's grievance appeal, it is clear, fails to state a claim."); *Martin v. Harvey*, 14 F. App'x 307, 309 (6th Cir. 2001) ( "The denial of the grievance is not the same as the denial of a request to receive medical care."). Accordingly, the Court will dismiss Plaintiff's claims against Defendant Schoenbachler.

6

*3. Remaining Defendants*

If a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing the plaintiff's claims because the complaint did not "allege with any degree of specificity which of the named defendants were personally involved in or responsible for each" alleged violation of rights); *Griffin v. Montgomery*, No. 00-3402, 2000 WL 1800569, at *2 (6th Cir. Nov. 30, 2000) (requiring allegations of personal involvement against each defendant).

The Court will allow Plaintiff to amend his complaint to provide allegations specific to each of the remaining Defendants as to what they allegedly did or did not do that resulted in deliberate indifference to his HIV positive status. *See, e.g.*, *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[U]nder Rule 15(a) of the Federal Rules of Civil Procedure, a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA [Prison Litigation Reform Act].").

### III. CONCLUSION AND ORDER

For the foregoing reasons,

**IT IS ORDERED** that Plaintiff's official-capacity claims and his individual-capacity claim against Defendant Schoenbachler are **DISMISSED** with prejudice for failure to state a claim upon which relief may be granted within the meaning of 28 U.S.C. § 1915A(b)(1).

The Clerk of Court is **DIRECTED** to terminate S. Schoenbachler as a party to this action.

**IT IS FURTHER ORDERED** that should Plaintiff wish to he may file an amended complaint by **June 22, 2025**, to set forth allegations specific to each of the remaining Defendants

as to what they allegedly did or did not do that resulted in deliberate indifference to his HIV positive status.

The Court **DIRECTS** the Clerk of Court to place this case number and the words "Amended" on a § 1983 complaint form and send it to Plaintiff for his use should he wish to file an amended complaint.

Should Plaintiff file an amended complaint, the Court will perform an initial review. After that initial review or after June 22, 2025, if Plaintiff does not file an amended complaint, the Court will enter a Service and Scheduling Order to govern the progress of Plaintiff's remaining claim(s).

Date: May 22, 2025

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
4414.009